Rachel E. Kaufman, CA Bar No. 259353
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL TRUJILLO, individually, and
on behalf of all others similarly situated,

            Plaintiff,

      v.

ENCORE LIVE, LLC, a Texas company,

            Defendant.

NO.  '21 CV 1764 GPC BLM

**CLASS ACTION COMPLAINT**

**JURY DEMAND**

Plaintiff Michael Trujillo ("Plaintiff Trujillo" or "Trujillo") brings this Class Action Complaint and Demand for Jury Trial against Defendant Encore Live, LLC doing business as Encore Drive-In Nights ("Defendant Encore") to stop the Defendant from violating the Telephone Consumer Protection Act by sending telemarketing text messages to cellular telephone numbers *without consent*. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Trujillo, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**PARTIES**

1.      Plaintiff Michael Trujillo is a resident of Oceanside, California.

2.      Defendant Encore is a Texas registered company headquartered in Fort Worth, Texas. Defendant Encore conducts business throughout this District, California, and the U.S.

**JURISDICTION AND VENUE**

3.      This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4.      This Court has personal jurisdiction over the Defendant since the Defendant conducts business in this District and specifically marketed to Plaintiff within this District relating to the business that it conducts here. Venue is proper in this District because Plaintiff resides in this District and the events leading to this case occurred in this District.

**INTRODUCTION**

5.      As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress

have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6.    The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.  *See* 47 C.F.R. § 64.1200(c)(2).

7.    A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

8.    When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

9.    By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

10.    The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

11.    Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

12.     According to online robocall tracking service "YouMail," 4 billion robocalls were placed in September 2021 alone, at a rate of 131.1 million calls per day. www.robocallindex.com.

13.     The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

14.     "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

15.     "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

16.     In recent years a troubling trend has surfaced in the real estate industry where real estate agents are cold calling consumers soliciting their services without

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

CLASS ACTION COMPLAINT
-4-

their consent, including calls that are being placed to consumers that registered their phone numbers on the DNC.

17.     This trend has resulted in consumers being bombarded by unsolicited real estate solicitation calls without their consent and in violation of the TCPA.

## COMMON ALLEGATIONS

18.     Defendant Encore is an online events management company. They organize and produce events across the U.S.[3]

19.     Defendant Encore conducts business using the assumed name Encore Drive-In Nights and owns and operates the website, www.encorenights.com.

20.     Defendant Encore conducts telemarketing campaigns to sell tickets to its various events to consumers throughout the U.S. As part of those campaigns, unsolicited text messages are sent to cell phones of consumers across the U.S. by and/or on behalf of the government.

21.     In placing unsolicited text messages to consumers, Defendant Encore sends or causes to be sent, multiple text messages to phone numbers that are registered on the DNC, such as Plaintiff's number.

22.     In response to these text messages, Plaintiff Trujillo files this lawsuit seeking injunctive relief requiring the Defendant to cease from violating the

---

[3] https://www.encorelive.com/

Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Class and costs.

## PLAINTIFF TRUJILLO'S ALLEGATIONS

23.     Plaintiff Trujillo registered his cell phone number on the DNC on May 13, 2005, for the express purpose that he would not receive unsolicited calls or text messages.

24.     Plaintiff Trujillo's phone number is not associated with a business and is used for personal use only.

25.     On August 29, 2021, at 3:18 PM, Plaintiff received 2 unsolicited text messages simultaneously from phone number 909-245-8166 to his cell phone, containing a hyperlink to a webpage soliciting tickets to one of Defendant Encore's event:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



26.    The unsolicited text message received by the Plaintiff contained a hyperlink[4] clicking on which redirects the user to the Defendant Encore's webpage

_____

[4] https://www.tixr.com/groups/encore-kickoff/events/country-kickoff-to-ldw-san-diego-ca-28339

CLASS ACTION COMPLAINT

-7-

on the website, www.tixr.com, which sells tickets to various events throughout the U.S.:



27.     The text messages that Plaintiff received are solicitations encouraging the sale of tickets to Defendant Encore's events and merchandise.

28.     The text messages were sent by or on behalf of Defendant Encore.

29.     Plaintiff Trujillo never provided his phone number or his consent to Defendant Encore to receive any solicitation from them or on their behalf.

30.     The unauthorized solicitation telephone text messages that Plaintiff received from Defendant, as alleged herein, have harmed Plaintiff Trujillo in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and

enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

31.     Seeking redress for these injuries, Plaintiff Trujillo, on behalf of himself and a Class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited telemarketing text messages to telephone numbers that are registered on the DNC.

## CLASS ALLEGATIONS

32.     Plaintiff Trujillo brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Class:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent acting on behalf of the Defendant) texted more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant texted Plaintiff, and (5) for whom Defendant claims it obtained the person's number in substantially the same manner it obtained Plaintiff's number.

33.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons

whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff Becker anticipates the need to amend the Class definitions following appropriate discovery.

34. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

35. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant Encore systematically sent, or caused to be sent, multiple text messages to Plaintiff and other consumers whose telephone numbers were registered with the DNC without first obtaining consent to send the texts;

(b) whether Defendant Encore's text messages to Plaintiff and other consumers were sent for telemarketing purposes;

(c) whether Defendant's conduct constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

36.    **Adequate Representation**: Plaintiff Trujillo will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Becker has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff Trujillo and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Trujillo nor his counsel have any interest adverse to the Class.

37.    **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Trujillo. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis.

A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

38.    Plaintiff Trujillo repeats and realleges paragraphs 1 through 37 of this Complaint and incorporates them by reference.

39.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

40.    Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

41.    Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone

numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

42.    Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone text message in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

43.    As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

44.    To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Trujillo, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Trujillo as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

1

### JURY DEMAND

2
     Plaintiff Trujillo requests a jury trial.

3

4
DATED this 13th day of October, 2021.

5

6
               **MICHAEL TRUJILLO**, individually and
on behalf of all others similarly situated,

7

8
               By: */s/ Rachel E. Kaufman*
Rachel E. Kaufman

9
rachel@kaufmanpa.com
KAUFMAN P.A.

10
400 NW 26th Street

11
Miami, FL 33127
Telephone: (305) 469-5881

12

13
*Attorney for Plaintiff and the putative Class*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28